*Messick, James, for appellants.*

---

## J. G. GUTHRIE'S ADMR. *v.* E. ANN GUTHRIE.

**Affidavit—Waiver—Objections.**

The absence of an affidavit to claims filed by a defendant in a cross petition, is held to be waived by failing to object to same before the trial, and after judgment, the objection comes to late.

**Husband and Wife—Use of Wife's Property—Interest.**

As the husband has the joint use of the wife's property during their lives, his estate is chargeable with interest on the use of personal property of the wife after his death, only.

APPEAL FROM HARDIN CIRCUIT COURT.

March 20, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The verification of the claim of appellee was waived by failing to object to it before the trial, and after judgment the objection comes too late.

Cofer, the first administrator of G. Guthrie, brought an action for a settlement of the estate of his intestate, pending that action he was removed and Pusey was appointed. After his appointment appellee and the heirs of decedent brought a suit for a settlement of the estate against the second administrator, and that action was consolidated with the one Cofer had previously brought, and in which appellee made her answer a cross-action, and set up her claim for the money for which her slaves had been sold by her late husband. Pusey, the last administrator, was properly before the court, and failed to answer her cross petition, and Cofer failed to answer while he was administrator. The court below therefore correctly took the same for confessed, and no formal dismissal of the cross bill against the heirs was necessary.

But the judgment allowed interest on the amount recovered from September, 1853, this was erroneous. It is not alleged in the cross-action when the negroes were sold, the husband could use them during the joint lives of himself and wife, and in any event his estate should not be charged with interest until after his death, and we think she should be entitled to interest only from the time she filed her cross-action on the 21st of May, 1863.

Wherefore, the judgment is reversed and the cause is remanded with directions to render judgment for $900, with interest from the 21st of May, 1863, until paid.

*Cofer, for appellant.*

*Malthis, for appellee.*